## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § § | |
| vs. | § § § § | Criminal No. 4:11-CR-003 |
| DANIEL GALVAN-RODRIGUEZ (7), and LUIS NARCISO BARRON (19) | § § | |

### ORDER DENYING MOTIONS FOR NEW TRIAL

Pending before the court are Defendant Luis Narciso Barron's Motion for New Trial (Dkt. #417), Defendant Daniel Galvan-Rodriguez's Motion for New Trial (Dkt. #418), and the Government's Response to both motions (Dkt. #425). For the reasons set forth below, the court is of the opinion that Defendants' motions (Dkts. #417, #418) should be **DENIED**.

### I. BACKGROUND

On March 9, 2012, a jury convicted Defendant Luis Narciso Barron and Defendant Daniel Galvan-Rodriguez (collectively, "Defendants") of Count One of the second superseding indictment. *See* Dkts. #215 (second superseding indictment), #410 (jury verdict form). Count One charged that the Defendants violated 21 U.S.C. § 846, which makes it a crime for anyone to conspire with someone else to commit a violation of certain controlled substances laws of the United States. Defendants were convicted of conspiring to distribute or possess with intent to distribute marijuana in violation of 21 U.S.C. § 841(a)(1). Defendants now request that the court grant a new trial pursuant to Rule 33 of the Federal Rules of Criminal Procedure. Both Defendants base their requests for new trial on improper closing argument by the government. *See* Dkts. #417, #418.

Throughout this trial, counsel for the Defendants made references to their former positions as federal prosecutors. *See* Dkt. #425, Exh. 1 at 6; Dkt. #418. During "the heat of a closing argument in [this] hard-fought case," *see United States v. Vaccaro*, 115 F.3d 1211, 1218 (5th Cir. 1997), the prosecutor rhetorically asked the jury: "Why does someone leave the U.S. Attorney's office and lend their credibility to representing drug traffickers and firearms dealers?" *See* Dkt. #417, Exh. 1 at 1. Following defense counsel's objection and a question posed by the court, the prosecutor answered that "I'm talking about someone who would represent a criminal defendant." *Id*. After additional questioning by the court about why the Assistant U.S. Attorney would make such an argument, she replied "[i]t's about the money." *Id*. Upon further objection by defense counsel, the court immediately sustained the objection, admonished the prosecutor, and instructed the jury to disregard the statement. *See id.* at 1–2.

## II. DISCUSSION

### A. LEGAL STANDARD

Rule 33 provides that "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires." FED. R. CRIM. P. 33(a). "In this Circuit, the generally accepted standard is that a new trial ordinarily should not be granted 'unless there would be a miscarriage of justice or the weight of evidence preponderates against the verdict.'" *United States v. Wright*, 634 F.3d 770, 775 (5th Cir. 2011) (quoting *United States v. Wall*, 389 F.3d 457, 466 (5th Cir. 2004)). "'A new trial is granted only upon demonstration of adverse effects on substantial rights of a defendant.'" *Id.* The power to grant a new trial "should be exercised infrequently by district courts, unless warranted by exceptional circumstances." *United States v. Tarango*, 396 F.3d 666, 672 (5th Cir. 2005) (internal quotation and citation omitted).

The court "review[s] assertions of prosecutorial misconduct in two steps. First, [the court must] initially decide whether or not the prosecutor made an improper remark. Second, if an improper remark was made, [the court] must then evaluate whether the remark affected the substantial rights of the defendant." *United States v. McCann*, 613 F.3d 486, 494 (5th Cir. 2010).

**B. ANALYSIS**

Assessing the first step, the prosecutor's remark was certainly improper, as the court stated during trial. *See* Dkt. #417, Exh. 1 at 1–2. And because the court holds that the prosecutor's remark was improper, it must proceed to the second step of the prosecutorial misconduct analysis to determine whether or not it affected Defendants' substantial rights. "Ordinarily, a defendant's substantial rights are affected only where the error in question 'affected the outcome of the district court proceedings.'" *McCann*, 613 F.3d at 496 (quoting *United States v. Marcus*, 130 S. Ct. 2159, 2164, 176 L. Ed. 1012 (2010)). Accordingly, to determine whether the outcome of this trial was affected by the prosecutor's statement, the court must assess: "(1) the magnitude of the statement's prejudice, (2) the effect of any cautionary instructions given, and (3) the strength of the evidence of the defendant's guilt." *United States v. Gallardo-Trapero*, 185 F.3d 307, 320 (5th Cir. 1999). The court will now review each of these factors in turn.

1. **THE MAGNITUDE OF THE STATEMENT'S PREJUDICE**

"[F]or prosecutorial misconduct to warrant a new trial, it must be so pronounced and persistent that it permeates the entire atmosphere of the trial, and casts *serious doubt* upon the correctness of the jury's verdict." *United States v. Wyly*, 193 F.3d 289, 299 (5th Cir. 1999) (emphasis in original) (internal quotation and citation omitted). A statement that is "a single line from a closing argument spanning [numerous] transcript pages [is] neither persistent nor pronounced." *United*

*States v. Delgado*, 672 F.3d 320, 338 (5th Cir. Feb. 22, 2012). Here, when viewing the trial as a whole, the prosecutor's statement neither permeated the entire atmosphere of the trial nor did the improper remark cast serious doubt upon the correctness of the jury's verdict. The statement occupied one small portion of a ninety-minute closing argument following a two-week long trial. Further, "we assume that a jury has the common sense to discount the hyperbole of an advocate." *Vaccaro*, 115 F.3d at 1216. Therefore, this factor weighs against granting Defendants' motions.

### 2. THE EFFECT OF ANY CAUTIONARY INSTRUCTIONS GIVEN

It is well settled that "the district court can 'purge the taint of a prosecutor's prejudicial comments' with a cautionary instruction, even, in some cases one that is 'merely generic.'" *United States v. Turner*, __ F.3d __, 2012 WL 716885, at *12 (5th Cir. Mar. 7, 2012) (quoting *McCann*, 613 F.3d at 496–97). The court presumes that its cautionary "instructions are followed unless there is an overwhelming probability that the jury will be unable to follow the instruction and there is a strong probability that the effect of the improper statement is devastating." *Id*. (internal quotation and citation omitted). In this case, the court gave an immediate, specific curative instruction to the jury to disregard the prosecutor's improper remark, and there is no evidence that the instruction was not followed. *See id*. Therefore, this factor also weighs against granting Defendants' motions.

### 3. THE STRENGTH OF THE EVIDENCE OF DEFENDANTS' GUILT

"Where there is a great deal of inculpatory evidence presented against a defendant, [courts] often find that improper statements were harmless error." *McCann*, 613 F.3d 497 (internal citation omitted). In this case, the government presented thirty-five witnesses along with documents, photos, audio and video recordings, and physical evidence regarding the Defendants' guilt over a two-week period. There was sufficient evidence upon which the jury would have relied absent the improper

remark by the prosecutor in closing argument. *See Turner*, 2012 WL 716885, at *12. Thus, this factor also weighs against granting Defendants' motions.

### III. CONCLUSION

Because the prosecutor's statement was improper, the court proceeded to the second step of prosecutorial misconduct analysis to determine whether or not the statement affected the Defendants' substantial rights, i.e., whether the outcome of the trial was affected by the misconduct. Because all three factors of the analysis reveal that the outcome of the trial was not altered by the statement, the court finds that Defendants' substantial rights were unaffected. Therefore, Defendants' motions for new trial (Dkts. #417, #418) are **DENIED**.

IT IS SO ORDERED.

**SIGNED this the 10th day of May, 2012.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE